**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CALVIN LOVELLE MOORE,

        Plaintiff,

vs.

SANTA CLARA COUNTY JAIL OFFICIALS and KEEFE SUPPLY COMPANY, St. Louis, Missouri,

        Defendants.

No. C 06-5023 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, a former prisoner at the Santa Clara County Jail who is now in state prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the filing fee.

Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

*A. Standard of Review*

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*B.    Legal Claims*

Plaintiff purchased a bag of tortilla chips from the jail canteen. He cut his thumb on a sharp piece of metal which was in the bag. He contends that defendants were negligent in allowing the metal to be included in the bag of chips.

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994). The standard is deliberate indifference to inmate safety under the Eighth Amendment. *Id.* at 834. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *Id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and also draw the inference. *Id.*

It is evident that one instance of finding a foreign object in a packaged food item is not sufficient to show that prison officials were deliberately indifferent under this standard. With regard to the food company, not only is it not a state actor, but even assuming for the sake of this decision that the food company was acting under color of state law, the allegations also are insufficient to allege an Eighth Amendment claim against it. The federal claims thus will be dismissed without leave to amend. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave to amend may be denied on grounds of futility). Any supplemental state law claims that may have been intended will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the federal claims are **DISMISSED** with prejudice. The state law claims are **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 9, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\MOORE023.DSM

2